UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STORYLINES GLOBAL INC,

                     Plaintiff,

-against-

ROBERT FONG,

                     Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2025

25-CV-01048 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Storylines Global Inc. initiated this lawsuit against Defendant Robert Fong on February 5, 2025, seeking a declaratory judgment concerning a dispute over the purchase of a leasehold interest in a private residence on a cruise ship. *See* Dkt. No. 1.[1] Plaintiff believes that Defendant is a Chinese national but has been unable to identify Defendant's legal Chinese name, permanent address, or country of residence. Dkt. No. 7 at 2. Because Defendant's address and legal identity remain unknown to Plaintiff, Plaintiff has not been able to effectuate service on Defendant. *Id.* at 6. Presently before the Court is Plaintiff's motion to serve process by alternative means: through Defendant's email, through Defendant's Canada-based counsel, and through mail on a corporate entity related to Defendant. Dkt. No. 7. For the reasons set forth below, Plaintiff's motion is GRANTED.

---

[1] An identical lawsuit was filed in this Court in July 2024, under docket number 24-CV-05825, but was dismissed without prejudice for failure to prosecute in November 2024. The present lawsuit was filed approximately four months later.

1

## DISCUSSION

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3) allows a party to serve an individual in a foreign country by "means not prohibited by international agreement, as the court orders." A court may permit service by alternative means if the proposed means of service "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021).[2]

II. **ANALYSIS**

Plaintiff's motion for service by alternative means is granted because Plaintiff's proposed means of service are not prohibited by international agreement and comport with due process. First, there is no applicable international agreement governing service on Defendant because Defendant's address is unknown. Defendant is a citizen of China. Dkt. No. 7 at 2. Since the United States and China are signatories to the Hague Convention, if Defendant resides in China the Hague Convention's service requirements would apply. *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-00558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022). "[T]he Hague Convention does not apply," however, "where the address of the person to be served with the document is not known." *Shen Zhen v. Jiangsu Huari Webbing Leather Co.*, No. 23-CV-04578 (JGLC), 2023 WL 6553969, at *1 (S.D.N.Y. Sept. 12, 2023). "An address is not known within the meaning of the Hague Convention if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Ningbo Langyan Agel E-commerce Ltd. v. Corps., Ltd. Liab.*

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

*Companies, P'Ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-CV-00058 (JAV), 2025 WL 2084243, at *1 (S.D.N.Y. July 24, 2025).

Plaintiff has sufficiently demonstrated that it exercised reasonable diligence in seeking to identify Defendant's address. Courts have found that searching the internet, calling known phone numbers, and conducting intensive investigations using multiple methods satisfies the reasonable diligence requirement. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022). Here, Plaintiff conducted "extensive online research into public records and business registries in multiple countries," inquired with Defendant's counsel, reviewed prior business communications, and consulted with international investigators to identify Defendant's address. Dkt. No. 7 at 4–5.[3] These efforts satisfy the reasonable diligence requirement. Accordingly, Defendant's address is not known for purposes of the Hague Convention, and the Convention's service requirements do not apply. Because no international agreement governs service, Plaintiff's proposed means of service are not prohibited by international agreement.

Second, Plaintiff's proposed means of service comport with due process. A method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kelly Toys Holdings, LLC.*, 2022 WL 3701216, at *9. Plaintiff intends to employ three different methods of service, each of which is reasonably calculated to apprise Defendant of this action. First, Plaintiff intends to serve Defendant via email. Dkt. No. 7 at 7. "Service by email alone comports with due process where a plaintiff demonstrates that the email

---

[3] The Court notes that Plaintiff's motion references exhibits, including a declaration of counsel, that were not filed. Because Plaintiff's counsel provided a sworn declaration as to the veracity of the statements in the motion, the Court accepts its factual statements as true even in the absence of the referenced exhibits.

is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12-CV-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Plaintiff identified Defendant's email in an email from Defendant's attorney on which Defendant was copied on a matter related to the facts underlying this case. Dkt. No. 7 at 7. Serving Defendant via that email address is thus likely to reach him.

Second, Plaintiff intends to serve counsel who has "demonstrated an ongoing attorney-client relationship with Defendant." Dkt. No. 7 at 7. "[A] party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). That requirement is met here because the attorney Plaintiff intends to serve has stated in email communications that he represents Defendant in connection with matters related to the facts of this case and has copied Defendant on emails. Dkt. No. 7 at 6–8. Third, Plaintiff seeks to serve Defendant at the address of a corporate entity that Defendant appears to conduct business with and that transferred funds on Defendant's behalf. *Id.* at 7–9. This method is also reasonably calculated to reach Defendant. Accordingly, the proposed alternative means of service comport with due process.

Finally, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has shown good cause for failing to serve Defendant within 90 days after the Complaint in this action was filed and timely moved the Court to serve Defendant by alternative means. Plaintiff's deadline to serve defendant is therefore extended until December 15, 2025.

## CONCLUSION

Plaintiff's motion for alternative service is GRANTED. Plaintiff shall serve Defendant through the following methods by no later than December 15, 2025, and file proof of such service on the docket by no later than December 19, 2025:

1) Service via email to robert_fong@icloud.com;

2) Service upon Defendant's Canadian counsel, George L. Cooper of Cox & Palmer, at Blue Cross Centre/Centre de la Croix Blue.

3) Service via DHL, FedEx, UPS, or a similar mail delivery service with delivery confirmation, upon Lyon Holding Ltd., at 71 Knowl Piece Wilbury Way, Hitchin, Hertfordshire, England, SG4 0TY.

The Clerk of Court is respectfully directed to terminate Dkt. No. 7.

Dated: October 17, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge